IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LAMAR L. MORRIS,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:20-CV-3159
CRIM. NO. 2:11-CR-95
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Chelsey M. Vascura

### REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255.  (ECF No. 40.)  This matter is before the Court on to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.  For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to Rule 4.

### I.    BACKGROUND

On September 29, 2011, Petitioner pleaded guilty pursuant to the terms of his Plea Agreement to attempted armed robbery of a postal employee, in violation of 18 U.S.C. § 2114; and brandishing a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c).  (ECF Nos. 23, 27.)  On March 14, 2012, the District Court imposed an aggregate term of 156 months of imprisonment, plus five years of supervised release.  (ECF No. 37.)

On June 22, 2020, through counsel, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255.  (ECF No. 40.)  He asserts that his conviction under § 924(c) violates *United States v. Davis*, -- U.S. --, 139 S.Ct. 2319 (2019) (invalidating the "residual clause" of § 924(c)(3)(B) as constitutionally invalid).  For the reasons that follow, however, *Davis* does not provide Petitioner a basis for relief.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To obtain relief under 28 U.S.C. § 2255, a prisoner must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

In addition, "it is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982))). Accordingly, if a claim could have been raised on direct appeal, but was not, the Court will not consider the claim via a § 2255 motion unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claim previously; or (2) that he is "actually innocent" of the crime. *Ray*, 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## III. LAW AND ANALYSIS

Petitioner asserts that his § 924(c) conviction violates *Davis,* 135 S.Ct. at 2319, because the predicate offense for his § 924(c) conviction on attempted armed robbery of a postal worker does not qualify as a crime of violence under § 924(c)(3)(A), in view of the divisible nature of the federal robbery statute and because his conviction involves only the attempted use of force. These arguments fail.

Petitioner pleaded guilty to assaulting and attempting to rob an employee of the United States Postal Service by use of a handgun, in violation of 18 U.S.C. § 2114(a).  (*Indictment*, ECF No. 2, PAGEID # 3; *Plea Agreement*, ECF No. 37.)  The United States Court of Appeals for the Sixth Circuit, in *Knight v. United States*, 936 F.3d 495 (6th Cir. 2019), held that *Davis* does have an impact where, as here, such an aggravated offense constitutes a crime of violence under the "elements clause" § 924(c)(3)(A).  Further, although "the Sixth Circuit has not addressed this issue [] other courts that have considered the question have found that, when a substantive offense is a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence."  *Wallace v. United States*, -- F.Supp.3d --, --, 2020 WL 2194002, at *5 (M.D. Tenn. May 6, 2020)[1] (citing *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020); *United States v. McCant*, 805 F. App'x 859, 861 (11th Cir. 2020); *United States v. St. Hubert*, 909 F.3d 335, 351-52 (11th Cir. 2018); *United States v. Abdulkader*, No. 1:16-cr-019, 2019 WL 6351257, at *4-5 (S.D. Ohio Nov. 27, 2019); (quoting *Hill v. United States,* 877 F.3d 717, 719 (7th Cir. 2019)); *United States v. Jefferys*, No. 18-cr-359, 2019 WL 5103822, at *7 (E.D.N.Y. Oct. 11, 2019)); *see also United States v. Jones*, 489 F. App'x 57, 62 (6th Cir. 2012) (holding that attempted murder conviction "unquestionably qualifies" as a "crime of violence" under the definition of the latter in U.S.S.G. § 4B1.2(a)(1), which is nearly identical to the § 924(c)(3) definition).

In view of the foregoing, *Davis* does not invalidate Petitioner's conviction on using and brandishing a firearm in furtherance of a crime of violence under § 924(c) and does not provide him a viable basis for relief.

---

[1] *Wallace* noted that the Sixth Circuit has held that an attempted murder conviction "unquestionably qualifies" as a "crime of violence" under U.S.S.G. § 4B1.2(a)(1), which is nearly identical to the § 924(c)(3) definition.  *Wallace*, 2020 WL 2194002, at *5 n.3.

### IV.  DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*___
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE